23-7945
Landi-Camas v. Bondi

BIA
Burnham, IJ
A240 181 966

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

PATRICIA YOLANDA LANDI-CAMAS,
> *Petitioner,*

v.                                                          **23-7945**
                                                            **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**         Brian Boynton, Principal Deputy Assistant
Attorney General; Jessica E. Burns, Senior
Litigation Counsel; Scott M. Marconda, Senior
Trial Attorney, Office of Immigration
Litigation, United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Patricia Yolanda Landi-Camas, a native and citizen of Ecuador, seeks review of a November 8, 2023, decision of the BIA affirming a March 22, 2023, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Landi-Camas*, No. A 240 181 966 (B.I.A. Nov. 8, 2023), *aff'g* No. A 240 181 966 (Immig. Ct. N.Y. City Mar. 22, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

When the BIA determines that an issue has been waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015). Moreover, "[w]e consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted).

Landi-Camas alleged past persecution and a fear of future persecution and torture by gang members on account of both her assistance to police that led to the conviction of a gang member and her religion (Jehovah's Witness). The IJ denied relief, because, among other reasons, Landi-Camas's asylum claim was time-barred, she did not establish that Ecuadorian authorities would be unwilling or unable to protect her from harm by gang members, and she did not establish a likelihood of future torture. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (An applicant is ineligible for asylum "unless . . . the application has been filed within 1 year" after her last entry, absent "changed" or "extraordinary" circumstances.); *Scarlett v.*

3

*Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ( "To qualify as 'persecution,'" as relevant for withholding of removal, "the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." (internal quotation marks omitted)); 8 C.F.R. § 1208.16(c)(2) (For CAT relief, "[t]he burden of proof is on the applicant . . . to establish that it is more likely than not that [she] would be tortured if removed.").

The BIA found that Landi-Camas waived those dispositive grounds for the IJ's denial of relief by not raising them on appeal. Landi-Camas fails to address those findings of waiver in her brief before us and thus has abandoned any challenge to dispositive grounds for the BIA's decision. *See Debique*, 58 F.4th at 684; *Prabhudial*, 780 F.3d at 555–56.

As to the arguments Landi-Camas does raise here, none is meritorious. She asserts that the agency erred by applying the "one central reason" standard to her withholding of removal claim, but our case law makes clear that the standard applies to both asylum and withholding of removal. *See Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). Additionally, her argument that the agency erred in requiring proof of government acquiescence to torture is contrary to the CAT

4

regulations. *See* 8 C.F.R. § 1208.18(a)(1) (expressly requiring proof of harm "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity"); *see also Scarlett*, 957 F.3d at 336 (leaving to BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture under the CAT"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence."). Finally, Landi-Camas argues that she established her membership in a cognizable witness-based social group, but she did not present that argument to the BIA. It is therefore not properly before us. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

A copy of this order will be forwarded to this Court's Grievance Panel. As explained above, the brief fails to address dispositive issues and raises

5

unexhausted arguments.

Moreover, Petitioner's counsel, Michael Borja, repeats his argument that the nexus requirement for withholding of removal is less stringent than that for asylum, which we have previously rejected in other cases he has briefed. *See, e.g.,* *Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 n.1 (2d Cir. Oct. 3, 2023) (summary order). Likewise, we have rejected as unsupported and insufficiently argued Mr. Borja's assertion that CAT relief does not require acquiescence. *See, e.g., Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *2 n.5 (2d Cir. Sept. 30, 2025) (summary order).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court